HON. WALTER J. RELIHAN, JR. Vice Chancellor For Legal Affairs State University of New York
This will acknowledge your letter in which you requested my opinion as to the authority of the State University to withhold transcripts or refuse re-enrollment to those persons owing a debt to the University who would have a valid defense to an action based upon the statute of limitations. You also requested my opinion as to similar authority of the State University to withhold transcripts or refuse re-enrollment to those persons who, having properly scheduled a debt owed the University, have received a discharge in bankruptcy and, accordingly, would have a valid defense to an action on the debt.
Section 355 (2[b]) of the Education Law authorizes the Board of Trustees of the State University to make and establish rules and regulations, not inconsistent with law, for the government of the State University and institutions therein. Regulations adopted by the Trustees provide that "except where otherwise authorized, no person shall receive credit or other official recognition for work completed satisfactorily, or be allowed to re-register, until all tuition, fees and all other charges authorized by State University have been paid, or University student loan obligations have been satisfied." I assume from your letter that the language in the above regulation providing that "no person shall receive credit or other official recognition for work completed satisfactorily . . ." would be the basis for the University's withholding of transcripts.
Section 3211(a)5 of the Civil Practice Law and Rules provides for a motion to dismiss a cause of action on the grounds that the cause of action may not be maintained because of discharge in bankruptcy or statute of limitations. The aforesaid defenses may be waived unless raised by motion or in the responsive pleading (CPLR 3211[e]). Neither the passage of time nor a discharge in bankruptcy constitutes payment of a debt or satisfaction of an obligation. As stated in Collieron Bankruptcy 17.27:
 "The effect of a discharge upon a claim that is dischargeable is to afford a valid defense to the prosecution of the claim to judgment, or the satisfaction of the judgment if the claim has gone to judgment. The discharge is not a payment or extinguishment of the debt; it is simply a bar to all future legal proceedings for the enforcement of the discharged debt."
Section 14(f) of the Bankruptcy Act (11 U.S.C. § 32 [f(2)]) provides that an order of discharge shall "enjoin all creditors whose debts are discharged from thereafter instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt."
In your letter you directed my attention to the case of Perez v.Campbell, 402 U.S. 637 (1971). As you know, Perez involved a statute of the State of Arizona which provided that a discharge in bankruptcy of a judgment against a motorist for injuries would not relieve the debtor of any of the requirements of the statute, including suspension of the driver's license and automobile registration. The Court found the statute invalid under the Supremacy Clause of the United States Constitution. I do not think that the opinion in Perez would prohibit the withholding of transcripts or the refusal of reenrollment as long as no affirmative action were taken to collect the duly scheduled or discharged debt since section 14(f[2]) merely enjoins creditors from commencing any action or employing any process to collect a discharged debt. It should be noted that the Perez case dealt with a State statute which penalized a judgment-debtor after a discharge in bankruptcy for failing to satisfy debts owed to the general public. It did not hold that a pre-discharge creditor, such as the State University here, must continue to provide services to a debtor after the latter has received a discharge in bankruptcy.
Your attention is directed to the decision in Robert Girardier v. WebsterCollege, No. 76-1922 (8th Cir. Aug. 24, 1977) which held that the defendant was entitled to withhold transcripts even though the plaintiff had received a discharge in bankruptcy. Girardier involved a provision in a private college's handbook that "[n]o transcript is released until all accounts are paid." The Supremacy Clause was not discussed in the case.
As long as the University does not take affirmative action to collect a debt duly scheduled and duly discharged, it does, in my opinion, have authority to withhold transcripts or refuse re-enrollment to individuals who have received a discharge in bankruptcy.
It is also my opinion that the University has a similar right even though an individual would have a valid defense to an action based upon the statute of limitations.
Income earned from employment on an Indian reservation by an Indian who resides on such reservation is not subject to New York State personal income tax.
Dated: June 27, 1977
HON. JAMES H. TULLY, JR. Commissioner Department of Taxation and Finance
This is in response to your request for an opinion as to whether or not income earned from employment on an Indian reservation within this State by an Indian who resides on such reservation is subject to New York State personal income tax.
In the past, it was the opinion of a former Attorney General and of the courts of this State that, generally, the income of Indians was subject to the State personal income tax (1943 Atty. Gen. 410; State TaxCommission v. Barnes, 14 Misc.2d 311 [Co. Ct., Franklin Co., 1958];Powless v. State Tax Commission, 22 A.D.2d 746 [3d Dept., 1964], affd.16 N.Y.2d 946 [1965]).
Since then, however, it has been established that a state has no right to tax income earned on a reservation by Indians who live on such reservation unless Congress has expressly allowed the state to do so (McClanahan v. Arizona State Tax Commission, 411 U.S. 164 [1973]).
In the past, New York has relied on the congressional grant of criminal and civil jurisdiction conferred on the State by 25 U.S.C. § 232, 233
as Congress's express authorization to tax Indians' income. However, the Supreme Court has recently held that a general grant of civil jurisdiction to a state over Indian reservations does not include a grant of a general power of taxation over reservation Indians (Bryan v. ItascaCounty, 426 U.S. 373 [1976]; Omaha Tribe v. Peters, 516 F.2d 133 [U.S. Ct. of Appeals, 8th Cir., 1975], revd. 427 U.S. 902 [1976]).
In view of those recent decisions of the Supreme Court, it appears that New York is not entitled to rely on the general grant of civil jurisdiction as including the power to tax and that Congress has not granted to New York express authorization to tax income earned by Indians on the reservation.
Therefore, I conclude that income earned from employment on an Indian reservation by an Indian who resides on such reservation is not subject to New York State personal income tax.